IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Delvin Lamont Shaw, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| James Sayler, Warden, ) | Case No. 1:22-cv-047 |
| ) | |
| Defendant. ) | |

On March 22, 2022, Petitioner Delvin Lamont Shaw ("Shaw") filed a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State." (Doc. No. 2). He is challenging his conviction in state district court for murder and burglary on the following grounds:

GROUND ONE: Unfair trial, 14th Amendment Violations

* * *

Brady violations, Officer Misconduct, Prosecutorial Misconduct, Impartial Jury, 4th & 6th Amendment violations, Abuse of Discretion by Judge Jenson and Judge Vigeland, Ineffective Assistance of Counsel by Blake Hankey and Benjamin Pulkrabek.

GROUND TWO : Four Obvious Errors

* * *

1. Denied preliminary hearing
2. Informing Jury post-arrest Miranda Silence
3. Double Jeopardy
4. Judge failed to inform defendant harm of leaving trial

GROUND THREE: Prior Bad Act, and Abuse of Discretion

* * *

Judge Jon J. Jenson allowed evidence of testimony, that the defendant was involved in a prior burglary a week prior. A crime the defendant was never charged with or

1

convicted of.

(Doc. No. 1).

On May 11, 2022, Respondent filed a "Motion for More Definite Statement." (Doc. No. 8). Asserting that Shaw's petition is devoid of facts supporting each of his grounds for relief and therefore does not satisfy the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases, he seeks an order from the court that directs Shaw to supplement his petition. To date Shaw has not filed a response. His silence may be deemed an admission that the motion is well taken. D.N.D. Civ. L.R. 7.1(F).

A habeas petition must allege that a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Rule 2(c) requires that the petition "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge" and that the petition "set forth in summary form the facts supporting each of the grounds thus specified." 28 U.S.C. § 2254, Rules Governing Section 2254 Proceedings, Rule 2(c); see also Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990) (holding that substantial compliance with Rule (c) requires the petitioner to "state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified")

Having reviewed the record, the court agrees with Respondent's assessment of Shaw's petition; there is little if any meat on the bones of Shaw's petition and Shaw has failed to comply with the requirements of Rule (c). With respect to his first ground for relief, Shaw claims that the prosecution violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), but he does elaborate on exactly what material evidence they allegedly withheld from him. He claims that there was

prosecutorial misconduct but does not describe or elaborate on the alleged misconduct by the prosecution. He claims that the judges in his case abused their discretion but makes no reference to any explicit decisions of theirs with which he is taking issue. He claims ineffective assistance of counsel but does not attempt to explain how counsels' performance was allegedly deficient or what prejudices he allegedly suffers as a result. With respect to ground two, he provides no context or factual support to what are at present formulaic and conclusory claims. With respect to ground three, his claim is, absent some context, confusing as it unclear whether the testimony to which is referring pertains to a burglary other than the one for which he was being tried.

In sum, Shaw has failed to provide meaningful factual material that would support his grounds for relief under Rule 2(c). It is not incumbent on the Respondent or the court to hunt through the record of Shaw's state court proceedings for facts that could arguably form the basis for his claims and, in so doing, make a case for him. Rather, Shaw must provide the facts supporting each of his asserted grounds for relief. Accordingly, the Respondent's motion (Doc. No. 8) is **GRANTED**. Shaw shall have until October 24, 2022, to either supplement his habeas petition or to file an amended habeas petition that sets forth the factual basis for his asserted grounds for relief.

**IT IS SO ORDERED.**

Dated this 27th day of September, 2022.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court